IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DARRYL WALKER                                                                                  PETITIONER
Reg. #23303-009

V.                                  NO. 4:12CV00743 BRW-JTR

UNITED STATES OF AMERICA                                                          RESPONDENT

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201-3325

## I. Introduction

Pending before the Court is a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Darryl Walker, who is incarcerated at the Federal Correctional Institution (FCI) in Marianna, Florida. (Docket entry #1.) Respondent has filed a Response. (Docket entry #4.)

Before addressing the merits of this Petition, it is important to understand the procedural history of this case in the Eastern District of Arkansas. In October 2006, Petitioner appeared before the Honorable Billy Roy Wilson and pleaded guilty to aiding and abetting the carrying and use of a firearm during a drug trafficking conspiracy that resulted in the death of another, in violation of 21 U.S.C. §§ 841(a)(1) & 846, and 18 U.S.C. §§ 2, 924(c)(1), 924(j) & 1111(a). In November 2007, Judge Wilson sentenced Petitioner to 288 months of imprisonment, followed by three years of supervised release. *United States v. Walker*, E.D. Ark. No. 4:04-cr-00035-05-BRW (Resp't Ex. 1 [docket entry #4-1]).

Petitioner appealed his sentence to the Court of Appeals for the Eighth Circuit.[1] On March 17, 2009, the Eighth Circuit affirmed. *United States v. Walker*, 314 F. App'x 909 (8th Cir. 2009) (No. 07-3721) (Resp't Ex. 2 [docket entry #4-2]). Thereafter, Petitioner did *not* file a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence with the sentencing court in the Eastern District of Arkansas.

On November 26, 2012, Petitioner initiated this § 2241 habeas action, in which he argues that his sentence should be vacated because: (1) the Sentencing Reform Act of 1984 is unconstitutional and was never "voted into positive law" by Congress; (2)

---

[1] In his appeal, Petitioner sought resentencing in light of the United States Supreme Court's decisions in *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Gall v. United States*, 552 U.S. 38 (2007).

his criminal case is "*void ab initio*" because the government did not have "standing" to prosecute him, and he was convicted purely upon conjecture, hypothesis, and allegations of possible future harm; and (3) the sentencing court was without jurisdiction to impose sentence pursuant to the unconstitutional Sentencing Reform Act of 1984.

Respondent argues that this Court must dismiss the § 2241 Petition because it lacks jurisdiction over Petitioner's current custodian, the warden of the FCI in Marianna, Florida.[2]

## II. Discussion

District courts may issue writs of habeas corpus only "within their respective jurisdictions." 28 U.S.C. § 2241(a). A federal prisoner's § 2241 petition challenging his *present* physical confinement must name his warden as respondent and must be filed in the district of confinement, because only a court located in the district of confinement has jurisdiction over the prisoner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 442-44, 447 (2004) (in habeas challenges to present physical confinement, "the district of confinement is synonymous with the district court that has territorial jurisdiction over the proper respondent"); *see also Propotnik v. Putnam*, 538 F.2d 806,

---

[2]The custodian is the person with "the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

807 (8th Cir. 1976) (§ 2241 jurisdiction "lies either in the district of actual physical confinement or in the district where a custodian responsible for the confinement is present"; affirming § 2241 denial where petitioner was physically confined in another district and the named respondent was not his custodian) (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973)). Because Petitioner is incarcerated in the Northern District of Florida, this Court does not have jurisdiction over his custodian, for purposes of adjudicating a § 2241 petition.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (docket entry #1) be DISMISSED, without prejudice.[3]

DATED this 30th day of January, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Petitioner has objected to the Magistrate Judge's involvement in this case because he has directed his § 2241 Petition only to United States District Judge J. Leon Holmes. (Docket entries #1, at 24; #5.) Litigants are not allowed to select their judges. Furthermore, Magistrate Judges are expressly authorized to make recommended dispositions in § 2241 habeas actions. *See* 28 U.S.C. § 636(b)(1)(B); Local Rules 40.1 & 72.1(VIII)(B), Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas.